## REPUBLIC OF HAWAII *vs.* PAHIA, KANIKU, HILO, KIMONA, KUKONA, and ISAAC ADAMS.

ASSAULT AND BATTERY WITH A WEAPON. EXCEPTIONS.

HEARING, DECEMBER 18, 1894. DECISION, FEBRUARY 14, 1895.

JUDD, C.J., BICKERTON, J., AND WHITING, CIRCUIT JUDGE, WHO SAT IN PLACE OF MR. JUSTICE FREAR, ABSENT FROM ILLNESS.

A new trial ordered on the ground of misconduct of two jurors, they having made declarations to defendants, and in the hearing of outsiders as to the guilt of one of them, and showing hostility towards the defendants, both before and during the progress of the trial.

OPINION OF THE COURT, BY BICKERTON, J.

This case was heard at the November Term of the Circuit Court of the First Circuit, having come there on appeal from the District Court of Honolulu. The jury found a verdict of guilty against the defendant Kaniku, and a verdict of not guilty in the cases of the other five defendants. A motion for a new trial in the case of Kaniku was argued and overruled and the matter comes here on a bill of exceptions. The grounds raised in the motion for a new trial were :

First. That the verdict was contrary to the law and the evidence.

Second. That one of the jurors, after the prosecution had closed its evidence, but before all the evidence in the case had been put in,—was heard by an outsider to say to defendants "one of you is (hewa) guilty," and also "repent ye for the Kingdom of Heaven is at hand."

Third. That one of the jurors was a poundkeeper.

Fourth. That one of the jurors had not taken the oath required by Art. 101 of the Constitution. It appears that the juror has taken the oath since the trial.

As to the first point, after a careful review of the evidence, we find that it is ample to warrant the jury in finding as they did.

As to the second point, which may be properly termed misconduct of jurors, the affidavits of Frank Pahia, F. Kaniku Pahia, Kukona, Kimona, Kaimi and Kaimawaho, set forth that one John Noble, one of the jurors in the case, said to the defendants (presumably during recess) at the Court House, while the case was going on and before the evidence was all in, "one of you is hewa" (guilty) and advised them to repent. Kaimawaho in his affidavit also states that he heard both John Noble and Kaapa (also one of the jurors in the case) say the same thing to the defendants. The affidavit of Frank Pahia states that he heard John Noble say this to the defendant at the Court House and in the presence of other jurors, and some strangers on the 7th of November, which was seven days before the trial. These affidavits are undenied. This was undoubtedly improper conduct on the part of these two jurors, but the question for us is, was it such misconduct as would require us to order a new trial. The use of such language before the trial and in the presence of jurors might tend to create prejudice or bias against the defendants or any of them, and certainly such language, when used during the time the trial was in progress, would indicate that those two jurors had formed and expressed an opinion as to the guilt of one of the defendants before they had heard all the evidence in the case on both sides. It would also seem from the affidavit of Frank Pahia that the juror Noble had formed an opinion and expressed it before he had heard any evidence at all. These declarations certainly showed bias on the part of these two jurors. The conduct of these jurors was not that of unprejudiced and unbiased jurors. "A new trial has been granted on account of expressions made by a juror to his fellows showing such prejudice against the accused as unfitted him for a juror."

Thompson on Trials, Sec. 2557.

"Where the misconduct was of such a nature that pre-

judice *might* have resulted from it, a presumption of prejudice arises, which, unless rebutted by the successful party, will require the granting of a new trial."

Thompson on Trials, Sec. 2617.

It is not only the fact that the mind of one or more jurors was biased and prejudiced against any or all of the defendants, and that it might work an injustice against the defendants, but it might be the wrongful influence of these jurors over the remaining jurors against a fair and impartial consideration of the case on its merits, which the defendants in every case are in every way entitled to.

In the case of *Maria Kaanaana vs. Keahi (k), et al.,* decided by this Court, October 19th, 1893, it is held that a new trial should be ordered on the ground of misconduct of the jury, certain jurors having held conversations with parties defendant, showing hostility against them. In that case this subject is fully discussed by the court and the conclusion arrived at is supported by a large number of authorities, and we adopt them as applying to the case at bar. We are of the opinion that the grounds held to be sufficient for ordering a new trial in the above cited case are not as strong as the grounds in the case at bar. This exception is sustained, and a new trial on these grounds should be ordered.

Having found sufficient grounds in this exception for ordering a new trial, it would make no difference as to how the court might hold on the two remaining exceptions, the object of the motion for a new trial having been gained by the defendant; we therefore do not pass on them.

The verdict as affecting the defendant Kaniku is set aside, and a new trial is ordered in his case.

*A. S. Hartwell,* for the prosecution.

*C. Brown* and *S. K. Kane,* for defendant.